UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

RAMERE ELLIS, a/k/a Ray, a/k/a
Slim,
          *Defendant-Appellant.*

No. 02-4781

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-02-69)

Submitted: November 19, 2003

Decided: December 8, 2003

Before WILKINSON and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Sol Z. Rosen, Washington, D.C., for Appellant. Kasey Warner, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Ramere Ellis appeals his conviction, pursuant to a guilty plea, for aiding and abetting the distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and 18 U.S.C. § 2 (2000), and his 160-month sentence. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two potential issues but stating that, in his view, there are no meritorious grounds for appeal. Ellis has filed a pro se supplemental brief. We affirm.

Counsel questions whether the district court properly conducted the plea colloquy pursuant to Fed. R. Crim. P. 11, and Ellis asserts that he was coerced into pleading guilty. However, Ellis' assertion is belied by his sworn statements to the contrary at the plea hearing. *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991) (stating that defendant's statement at Rule 11 hearing that he was not coerced or threatened constitutes "strong evidence of the voluntariness of his plea"). Because the district court fully complied with the mandates of Rule 11, we find no plain error in the district court's acceptance of Ellis' guilty plea. *See United States v. Martinez*, 277 F.3d 517, 524-25 (4th Cir.) (discussing standard of review), *cert. denied*, 537 U.S. 899 (2002).

Next, counsel raises as a potential issue whether the district court properly established a base offense level of thirty-six under *U.S. Sentencing Guidelines Manual* § 2D1.1 (2001), and Ellis claims that he should have been held accountable only for the amount of crack involved in the controlled buys. Our review of the record leads us to conclude that there is no clear error in the calculation of Ellis' offense level. *See United States v. Pauley*, 289 F.3d 254, 258 (4th Cir. 2002) (stating standard of review), *cert. denied*, 123 S. Ct. 1007 (2003).

Finally, Ellis' claim of ineffective assistance of counsel should be brought, if at all, in a proceeding under 28 U.S.C. § 2255 (2000). The

record in this appeal does not conclusively establish ineffective assistance of counsel. *United States v. Mohr*, 318 F.3d 613, 616 n.1 (4th Cir. 2003) (providing standard).

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Ellis' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*